IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID ECKLUND, <br>     Plaintiff, <br><br> v. <br><br> DELTA ACCOUNT SYSTEMS, INC. <br>     Defendant. | Case No.:  _____ |

# COMPLAINT

Plaintiff David Ecklund ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Delta Account Systems, Inc.. ("Delta") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over Defendant because it regularly conducted business activities in the State of Louisiana in order to profit from their endeavors in this state, thus purposefully availing themselves of the benefits of doing business here.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

5. The Plaintiff, David Ecklund ("Plaintiff"), is an adult individual residing in Bossier Parish, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Delta is a company operating from Bossier City, Louisiana.

7. Delta can be served at via its registered agent, Jerry A. Markham, at 401 Hamilton Rd., Suite 102, Bossier City, Louisiana 71111.

8. Delta is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, Plaintiff believes the account was a healthcare account related to medical care for Plaintiff or someone in his care.

10. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

11. After the Account allegedly went into default, the Account was sold to or otherwise transferred to Delta for collection.

12. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Plaintiff disputes the amount Delta was attempting to collect on the Account.

14. Plaintiff requests that Delta cease all further communication on the Account.

15. Delta's collector(s) were employee(s) of Delta at all times mentioned herein.

16. Delta acted at all times mentioned herein through its employee(s).

17. During the one year prior to the date of the filing of this Complaint, Delta and/or representative(s), employee(s) and/or agent(s) of Delta made telephone calls to Plaintiff to collect the Account.

18. In one such telephone communication while attempting to collect the Account, Delta caused a message to be left on Plaintiff's voicemail which stated:

> Yeah, David, this is Randy Mitchell.  If you would, give me a call.  This is 318-741-1290.  That's 318-741-1290.  If you could, David, make sure to return my call.  This is Randy Mitchell.  It's important.  Thank you.

19. In a second telephone communication while attempting to collect the Account, Delta caused a message to be left on Plaintiff's voicemail which stated:

> David, this is Mark Townes.  If you would, give me a call back.  Phone number here is 318-741-1290.  318-741-1290. Mr. Ecklund, make sure you return the call.  It's important.  Thank you.

20. In a third telephone communication while attempting to collect the Account, Delta caused a message to be left on Plaintiff's voicemail which stated:

> David Ecklund, please call Dan Lewis.  741-1290.  It's very important.  Thank you.

21. In a fourth telephone communication while attempting to collect the Account, Delta told Plaintiff the following things while attempting to collect the account:

   a. That an attorney was on the other line and giving instructions regarding filing suit on Plaintiff's Account.

   b. That paperwork had been prepared to file suit against Plaintiff "today" and that the only way to stop the filing that afternoon was to pay the account in full immediately.

    c. When Plaintiff asked if he could have a written explanation of the amounts Delta was demanding he pay, Delta said "We're not gonna play that game with you."

22. Despite telling Plaintiff the things listed in paragraph 21 above in April 2016, as of the filing of this complaint, Plaintiff has not been sued and Defendant had no present intent of filing suit against Plaintiff as threatened in the call described in paragraph 21 above.

23. The statements made to Plaintiff during Delta's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that a lawsuit was immanently going to be filed against him or her.

24. The information communicated to Plaintiff by Delta was false and misleading and was communicated to Plaintiff in order to trick, deceive and manipulate Plaintiff into transmitting money to Delta.

25. Plaintiff did not know that the information conveyed to him was false.

26. Delta did not inform Plaintiff in any communication with Plaintiff that Delta was a debt collector or that Delta was attempting to collect a debt or that any information obtained by Delta would be used for the purpose of debt collection.

27. Delta did not provide Plaintiff with meaningful disclosure of its identity in any communication with Plaintiff.

28. Delta failed to inform Plaintiff of Plaintiff's right to dispute the debt and/or request validation of the debt as described in 15 U.S.C. § 1692g.

29. Delta's purpose for the telephone call(s) and voicemails described above was to attempt to collect the Account.

30. The telephone call(s) and voicemails each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

31. The telephone call(s) and voicemails each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32. The only reason that Delta and/or representative(s), employee(s) and/or agent(s) of Delta made telephone call(s) to the Plaintiff was to attempt to collect the Account.

33. The only reason that Delta and/or representative(s), employee(s) and/or agent(s) of Delta had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

34. The only reason that Delta and/or representative(s), employee(s) and/or agent(s) of Delta left message(s) for the Plaintiff was to attempt to collect the Account.

35. All of the act(s) and omission(s) by Delta and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully by Delta.

36. As a consequence of Delta 's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY DELTA ACCOUNT SYSTEMS, INC.

37. The previous paragraphs are incorporated into this Count as if set forth in full.

38. The act(s) and omission(s) of Delta and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2)&(6) and §1692e(2)&(3)&(4)&(5)&(8)&(10)&(11) and § 1692g.

39. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Delta.

## COUNT II: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY DELTA ACCOUNT SYSTEMS, INC.

40. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Delta is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Delta intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

41. Plaintiff suffered actual damages from Delta as a result of Delta's intrusion.

## JURY TRIAL DEMAND

42. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

43. Judgment in favor of Plaintiff and against Delta Account Systems, Inc. as follows:

    a.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.  Such other and further relief as the Court deems just and proper.

Signature Element on Subsequent Page

Respectfully submitted,

**Denis E. Vega (#26740)**
**4505 Gary Mikel Avenue**
**Metairie, Louisiana 70002**
**Telephone: 504-534-8342**
**Facsimile: 504-324-0868**
**E-Mail: dvega@vegalaw.net**